IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| IMOGENE HERNDON, as Special Administrator of the Estate of Butch Thomas Herndon, deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| -vs- | ) ) | Case No. CIV-23-86-F |
| CITY OF CLINTON, OKLAHOMA, et al., | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

Defendant Peter Porcher filed a motion for protective order on March 21, 2024, doc. no. 88. The motion lacks a certification required by LCvR37.1 that "counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord."

This is no mere formality. Counsel on both sides of this case are experienced practitioners in this court and with cases like this one. The court has no doubt that experienced counsel, dealing with each other (and the court) professionally and in good faith, will be able, with the benefit of a face-to-face conference, to substantially narrow or eliminate the issues presented in the pending motion to compel. For example (but without deciding anything), the matters addressed in the motion would seem to present fertile ground for negotiation on such matters as narrowing the discovery sought, for the purpose of eliminating production of obviously irrelevant

and sensitive materials commonly found in a personnel file, such as pay records, insurance documents, information about dependents and similar matters.[1]

The motion is accordingly **STRICKEN** for failure to comply with the requirements of LCvR37.1.

DATED this 22nd day of March, 2024.

STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

23-0086p012.docx

---

[1] Counsel for plaintiff would do well to note that the court has no obligation to pare down an overbroad discovery request. Crafting requests that recognize common-sense limitations on discovery is the job of counsel, not the court. A discovery motion that seeks to enforce an obviously overbroad discovery request can be denied out of hand, with no re-writing of the request by the court. *See, e.g.*, Punt v. Kelly Servs., 862 F.3d 1040, 1047 (10th Cir. 2017) and Regan-Touhy v. Walgreen Co., 526 F.3d 641, 648-50 and n.6 (10th Cir. 2008).